I/5TONS, Judge,
delivered the resolution of the Court, as follows:
The first and principal question in this case is, whether an action of indebitatus assumpsit, for money had and received, will lie, by the purchaser, for the money paid to the drawer of a bill of exchange, when the bill is lost before it is presented to the drawee, and the drawer refuses, either to refund, or renew, the bill to the purchaser?
The contract, on the purchase of a bill of exchange drawn on a foreign country, is, for money in the foreign country, and not merely for the paper bill, or draft itself; which is only evidence of the contract, with a power to demand 1 and receive the money. Therefore, if the bill be lost, the drawer cannot be entitled to retain the purchase money here, and have the foreign money too; or, which comes to the same thing, prevent the purchaser from receiving it by refusing to enable him to do so. Por, the purchaser has a right to his purchase money, with interest, if he cannot get the foreign money, unless in case of the insolvency of the drawee, the drawer has sustained a loss by the negligence of the purchaser in not presenting the bill, or giving notice of the protest, in due time.
If, then, the purchaser has a right to receive the foreign money, the drawer is not injured by drawing twenty bills of the same tenor and date; but he ought, in justice to do it, if it be necessary, in order to enable the purchaser to receive the money. Therefore, if he refuses to do so, the purchaser *must have a remedy for the injury, and the action brought in the present case seems to be the proper one, as it lets in all the circumstances, and produces substantial justice in the end.
The next enquiry, then, is as to the propriety of the evidence.
The first thing necessary on the trial of a cause of contract is, to prove a contract; and, if a written one, the original should be produced, unless lost; and, then a copy which is the next best evidence, if it can be had. In the present case a copy was produced; but, to entitle the plaintiff: to use it, some account of the loss of the original was necessary to be given by him, and that he was a purchaser of the bill, so as to establish a privity. This he attempted to do by calling Wilson, to whom the bill was made payable, and who endorsed it to the appellees for whom he had purchased it as a friend, or agent, without having any interest in it himself. The witness was objected to, however, on the ground of interest, as he had endorsed the bill, and no proof was offered to shew his agency, except his own oath. But a factor, or agent on mere commission, and not further interested, may be a witness for either party. The King v. Bray, Cas. Temp. Hardw. 358; Dixon v. Cooper, 3 Wils. 40. In these cases, however, the factors only executed their powers in making the contract, without doing any act which might eventually subject them to loss, or to the action of either party; and, therefore', did not appear prima facie, interested in the event of the suits. But, here, the witness prima facie did appear, interested, by his having endorsed the bill, which made him liable for it to any endorsee, or holder, not having notice of the agency. Therefore, to render him competent, it ought to have been shewn, by other testimony than his own oath, that he was an agent, or he should have been released by the appellees: It follows, that the Court erred in admitting him, ^without such proof of agency, or a release. The judgment is, therefore, to be reversed, and the following judgment entered.
The Court is of opinion, that William Wilson, who purchased and endorsed the bill of exchange, in the proceedings mentioned, ought not to have been admitted as a witness, until it was proved by other evidence than his own oath, that he was au-thorised by the appellees to purchase the said bill for, and on account of the said ap-pellees, and that he transacted the business as their agent only; or until thé appellees had released him from all actions and suits on account of his endorsing the said bill to them; and, that the said judgment is erroneous; therefore, it is considered, that it be reversed with costs; that the verdict be set aside, and a new trial had in the cause; on which the said William Wilson is not to be allowed to give evidence, unless it is first proved that he was authorised to purchase the said bill, and to transact the business in the manner above-mentioned, or is released by the appellees from all actions and suits on account of his endorsing the said bill to them.